IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW,<br><br>　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　Defendants. | Civil Action No. 1:18-cv-00167 (EGS) |

## ANSWER

Defendants United States Department of Justice ("DOJ") and United States Department of Homeland Security ("DHS") (collectively, "defendants"), through their undersigned counsel, hereby answer the Complaint (ECF No. 1) ("Complaint") filed by plaintiff Lawyers' Committee for Civil Rights Under Law ("plaintiff"), on January 26, 2018, as follows:

## FIRST DEFENSE

Plaintiff is not entitled to information that is exempt from disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Defendants respond to the unnumbered and numbered paragraphs of plaintiff's Complaint as set forth below:

The first unnumbered paragraph consists of plaintiff's characterization of this lawsuit, to which no response is required.

The allegations in the second unnumbered paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of paragraph 1. The third sentence of paragraph 1 consists of plaintiff's legal conclusions, to which no response is required.

2. Defendants admit the first sentence of paragraph 2. Defendants admit the allegations in the second sentence of this paragraph regarding the location of DOJ's headquarters. The remaining allegations of this sentence consist of plaintiff's legal conclusions, to which no response is required.

3. Defendants admit the first sentence of paragraph 3. Defendants admit the allegations in the second sentence of this paragraph regarding the location of DHS's headquarters. The remaining allegations of this sentence consist of plaintiff's legal conclusions, to which no response is required.

4. Paragraph 4 consists of plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

5. Paragraph 5 consists of plaintiff's legal conclusions regarding venue, to which no response is required.

6.-7. The allegations in paragraphs 6-7 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

8. Defendants admit the first sentence of paragraph 8. The second sentence of this paragraph consists of plaintiff's characterization of the cited Executive Order, which speaks for

itself and to which no response is required. Defendants respectfully refer the Court to the Executive Order for a full and accurate statement of its contents.

    9.      Admitted.

    10.-11.    The allegations in paragraphs 10-11 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

    12.     Paragraph 12 consists of plaintiff's characterization of the referenced letters, which speak for themselves and to which no response is required. Defendants respectfully refer the Court to the letters, which may be found at https://www.whitehouse.gov/sites/whitehouse.gov/files/docs/information-requests-to-states-06282017.pdf, for a full and accurate statement of their contents.

    13.     Paragraph 13 consists of plaintiff's characterization of the referenced letters, which speak for themselves and to which no response is required. Defendants respectfully refer the Court to the letters, an example of which may be found at https://www.documentcloud.org/documents/3881855-Correspondence-DOJ-Letter-06282017.html, for a full and accurate statement of their contents.

    14.     The allegations in paragraph 14 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

    15.     Paragraph 15 consists of plaintiff's characterizations of the referenced lawsuit, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the filings in that case for a full and accurate statement of their contents.

    16.-17.    Defendants admit the allegations in the first sentence of paragraph 16. The remaining allegations in paragraphs 16 and 17 consist of plaintiff's characterization of the

published remarks and minutes for the cited meeting, which speak for themselves and to which no response is required. Defendants respectfully refer the Court to the cited published remarks and meeting minutes for a full and accurate statement of their contents.

18. Paragraph 18 consists of plaintiff's characterization of the referenced court order, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the court order for a full and accurate statement of its contents.

19. Defendants admit that the Commission held a second meeting on September 12, 2017, in New Hampshire. The remaining allegations in paragraph 19 consist of plaintiff's characterization of a newspaper article discussing the meeting, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the meeting minutes and materials located at https://www.whitehouse.gov/articles/presidential-advisory-commission-election-integrity-resources-2/ for information regarding the September 12, 2017, meeting.

20. The allegations in paragraph 20 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Further, the allegations in paragraph 20 consists of plaintiff's characterization of the referenced email, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

21. Defendants admit the first sentence of paragraph 21. The second sentence of this paragraph consists of plaintiff's characterization of the referenced *Vaughn*-type index, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the index for a full and accurate statement of its contents.

22.-26.   The allegations in paragraphs 22-26 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, except defendants admit the allegation in paragraph 25 that President Trump dissolved the Presidential Advisory Commission on Election Integrity on January 3, 2018.

27.   Defendants admit that the Office of Information Policy ("OIP") of DOJ and the Solicitor General's Office ("SG") of DOJ each received a FOIA request from plaintiff dated August 10, 2017.  The remaining allegations of paragraph 27 consists of plaintiff's characterization of the referenced FOIA requests, to which no response is required.  Defendants respectfully refer the Court to those requests for a full and accurate statement of their contents.

28.   Paragraph 28 consists of plaintiff's characterization of the referenced FOIA requests, to which no response is required.  Defendants respectfully refer the Court to those requests for a full and accurate statement of their contents

29.   Paragraph 29 consists of plaintiff's legal conclusions, to which no response is required.

30.   Admitted.

31.   Admitted.

32.   Admitted.

33.   Admitted.

34.   Defendants admit the first sentence of paragraph 34.  The second sentence of this paragraph and the following bulleted list consists of plaintiff's characterization of the referenced *Vaughn*-type index, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the index for a full and accurate statement of its contents.

35.     The allegations in paragraph 35 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Further, the allegations in paragraph 35 consists of plaintiff's characterization of the cited testimony, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited testimony for a full and accurate statement of its contents.

36.     Defendants admit that plaintiff sent an email on October 20, 2017, to, *inter alia*, an employee in OIP regarding the referenced FOIA request.  The remaining allegations of this paragraph consist of plaintiff's characterization of the referenced email, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

37.     Defendants admit that plaintiff sent an email on October 31, 2017, to an employee in OIP regarding the referenced FOIA request.  The remaining allegations of this paragraph consist of plaintiff's characterization of the referenced email, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

38.     Defendants admit that an employee in OIP responded to plaintiff's October 31, 2017, in an email sent on November 1, 2017.  The remaining allegations of this paragraph consist of plaintiff's characterization of the November 1, 2017, email, which speaks for itself and to which no response is required.  To the extent a response is required, defendants deny plaintiff's characterization and refer the Court to the email for a full and accurate statement of its contents.

39. Defendants admit that OIP sent a letter to plaintiff on November 1, 2017. The remaining allegations of this paragraph consist of plaintiff's characterization of the November 1, 2017, letter, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

40. Defendants admit that DOJ has not informed plaintiff whether it will grant plaintiff's fee waiver request. Defendant OIP avers that in its letter to plaintiff dated August 16, 2017, OIP informed plaintiff that it would make a decision regarding plaintiff's request for a fee waiver after determining whether fees would be assessed for this particular request.

41. Paragraph 41 consists of plaintiff's legal conclusions, to which no response is required.

42. Paragraph 42 consists of plaintiff's legal conclusions, to which no response is required.

43. Paragraph 43 consists of plaintiff's legal conclusions, to which no response is required, except that defendant DOJ admits that OIP and the SG have not yet provided final determinations on plaintiff's FOIA requests.

44. Paragraph 44 consists of plaintiff's legal conclusions, to which no response is required.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. Defendant DHS admits that it has documents related to the Commission. Defendants otherwise lack knowledge or information sufficient to form a belief as to the existence or nonexistence of the specific documents plaintiff identifies.

47. Paragraph 47 consists of plaintiff's characterization of the referenced *Vaughn*-type index, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the index for a full and accurate statement of its contents.

48. Defendants admit that DHS received a FOIA request from plaintiff dated October 24, 2017. The remaining allegations of paragraph 48 consists of plaintiff's characterization of the referenced FOIA request, to which no response is required. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

49. Paragraph 49 consists of plaintiff's characterization of the referenced FOIA request, to which no response is required. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

50. Admitted.

51. Admitted.

52. Defendants admit that DHS sent plaintiff one letter on November 6, 2017, acknowledging receipt of plaintiff's October 24, 2017, request, which it had assigned case number 2018-HQFO-00143. The remaining allegations of this paragraph consist of plaintiff's characterization of the November 6, 2017, letter, to which no response is required. Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54. Paragraph 54 consists of plaintiff's characterization of its FOIA request, to which no response is required. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

55. Defendants admit that DHS sent plaintiff a letter on December 26, 2017, informing plaintiff that DHS was administratively closing plaintiff's FOIA request. The remaining allegations of paragraph 55 consist of plaintiff's characterization of the referenced letter, to which no response is required. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

56.-58. Paragraphs 56-58 consists of plaintiff's legal conclusions, to which no response is required.

59. Denied, except to admit that DHS has not yet provided a final determination on plaintiff's FOIA request.

60. Paragraph 60 consists of plaintiff's legal conclusions and characterizations of this lawsuit, to which no response is required.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62. Defendants incorporate by reference their answers to paragraphs l through 62 of the Complaint.

63. Paragraph 63 consists of plaintiff's legal conclusions, to which no response is required.

The remaining paragraphs of the Complaint contain plaintiff's requested relief, to which no response is required. To the extent a response is required, defendants deny the allegations contained in the remaining paragraphs of the Complaint and further aver that plaintiff is not entitled to any relief.

Defendants hereby deny all allegations in the Complaint not expressly admitted or denied.

WHEREFORE, having fully answered the Complaint, defendants assert that plaintiff is not entitled to the relief requested and respectfully request that the Court enter judgment dismissing this action with prejudice and awarding defendants costs and such other relief as the Court may deem appropriate.

| | |
|---|---|
| Dated: March 5, 2018 | Respectfully submitted, |
| | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division |
| | ELIZABETH J. SHAPIRO<br>Deputy Branch Director |
| | */s/ Carol Federighi*<br>CAROL FEDERIGHI<br>Senior Trial Counsel<br>KRISTINA A. WOLFE<br>JOSEPH E. BORSON<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044<br>Phone: (202) 514-1903<br>Email: carol.federighi@usdoj.gov |
| | *Counsel for Defendants* |