# IN THE DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br>1401 New York Avenue, NW<br>Washington, D.C. 20005,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530,<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>245 Murray Lane, SW<br>Washington, D.C. 20528,<br><br>    Defendants. | No. 1:18-CV-167-EGS |

## JOINT STATUS REPORT AND SCHEDULING PROPOSAL

Pursuant to the Court's February 8, 2018 Standing Order ¶ 9(b) and the March 7, 2018 Minute Order, the Parties submit the following status report and scheduling proposal.

### STATUS REPORT PURSUANT TO FEBRUARY 8, 2018 ORDER

1. This action arises from two Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests that Plaintiff Lawyers' Committee for Civil Rights Under Law (the "Lawyers' Committee") submitted on August 10, 2017, to Defendant United States Department of Justice ("DOJ") Office of Information Policy ("OIP") and Office of Solicitor General ("OSG) and on October 24, 2017, to Defendant United States Department of Homeland Security ("DHS"), respectively (collectively, "the Requests").

2. Each Request concerned, *inter alia*, communications between the relevant Defendant, on one hand, and the staff and Commissioners of the Presidential Advisory Commission on Election Integrity (the "Commission"), on the other.

3. In the Requests and subsequent communications with the Defendants, the Lawyers' Committee specifically identified responsive documents as well as Defendants' personnel who are believed to have responsive documents. In particular:

- In separate litigation the Lawyers' Committee has brought against the Commission and others, the Commission produced a partial *Vaughn* index. *See Lawyers' Committee for Civil Rights Under Law v. Presidential Advisory Commission on Election Integrity, et al.*, No. 1:17-cv-01354-CKK (D.D.C.), Dkt. 33-3. *See* Compl. ¶¶ 18, 21.

- The *Vaughn* index included eight entries reflecting the Commission's communications with unspecified individuals at DOJ and 23 entries reflecting its communications with unspecified individuals at DHS. *See* Compl. ¶¶ 34, 47. The Lawyers' Committee communicated to DOJ and DHS that the Requests covered the communications reflected in these entries. Compl. ¶¶ 36, 48-49.

- Beyond the communications reflected in these *Vaughn* entries, there are reasons to believe that the Defendants have additional documents responsive to the Requests. In particular, on January 3, 2018, the White House and Commission personnel announced that Commission functions were being transferred to DHS.

- Counsel for the Commission in the earlier litigation are the same attorneys representing Defendants in this matter. They prepared the *Vaughn* index and submitted it to the court in the earlier case. Presumably these counsel know the identity of the individuals at DOJ and DHS who communicated with the Commission's members and/or staff.

- In addition to defense counsel's knowledge of individuals who are likely to have responsive documents, the Lawyers' Committee has identified participants to the relevant communications who are agents of the Commission, the Defendants, and relevant third parties. Compl. ¶¶ 28, 49, 54. This information was provided to Defendants to facilitate their searches.

4. On December 26, 2017, DHS advised Plaintiff that it was administratively closing the FOIA request. Compl. ¶ 55.

5. Plaintiff filed its complaint on January 26, 2018 (Dkt. No. 1).  At the time this suit was filed on January 26, 2018, Defendant DHS had not produced any records.  Defendant DOJ similarly had not produced any records.

6. Defendants answered the complaint on March 5, 2018 (Dkt. No. 17).

7. On March 7, 2018, the Court entered its Standing FOIA Order, which calls for the parties to meet and confer and submit a joint scheduling proposal on or before April 13, 2018.

8. On March 22, April 9, and April 12, 2018, April the parties held telephonic meet and confer conferences to discuss the March 7 Order.

9. On March 22 and April 9, Defendants were unable to provide information regarding the status of the responses and suggested reconvening on April 11.  On April 11, Defendants' counsel represented to Plaintiff's counsel that DOJ's Office of Information Policy ("DOJ-OIP"), which processes FOIA requests for the Department's leadership offices, had identified 450 pages of potentially responsive material and suggested reconvening on April 12.

10. On April 12, Defendants' counsel represented to Plaintiff's counsel that:

a.  DOJ's Office of Solicitor General ("DOJ-OSG") has identified approximately 450 pages of potentially responsive documents to date, subject to completion of searches.

b.  DHS's search has recovered approximately 7 Gigabytes of potentially responsive material based on a broad set of key word and target individuals, and those materials are being reviewed for responsiveness before the materials can be loaded into the FOIA processing system; until that is completed, DHS is not able to provide a preliminary page count or an estimate of the time needed to complete production.

11. As of this filing, DHS, DOJ-OIP, and DOJ-OSG have not produced any responsive documents.

## JOINT RESPONSE TO MARCH 7 ORDER

**Topic 1**. *The status of plaintiff's FOIA requests*:

  (a) DHS has completed its searches in response to Plaintiff's FOIA request and is presently reviewing the documents identified in those searches to determine responsiveness.

  (b) DOJ-OIP has completed its searches in response to Plaintiff's FOIA request and is presently reviewing the documents identified in those searches to determine responsiveness.

  (c) DOJ-OSG has conducted searches in response to Plaintiff's FOIA request and is presently assessing whether any further search is necessary. DOJ-OSG has begun processing the documents identified as a result of its searches.

**Topic 2**: *The anticipated number of documents responsive to plaintiff's FOIA request*:

  (a) DHS's searches recovered nearly 7 Gigabytes of potentially responsive material based on a broad set of key words and target individuals taken from the initial FOIA request. The potentially responsive files must be reviewed for responsiveness and screened for duplicates prior to being loaded into the FOIA processing system. At that point, DHS will be able to produce a preliminary page count, estimate the time needed to process the record set, and discuss with Plaintiff possible narrowing to better target the records they are seeking.

  (b) DOJ-OIP estimates that it has approximately 450 pages potentially responsive to Plaintiff's FOIA request.

      (c)      DOJ-OSG has to date identified approximately 450 pages potentially responsive to Plaintiff's FOIA request.

**Topic 4:** *Whether a motion for an Open America stay is likely in this case*:

The Parties agree an *Open America* stay is unlikely.

**Topic 6**: *Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement*:

The Parties do not believe that this case would benefit from such a referral.

## FURTHER RESPONSE TO MARCH 7 ORDER
## AND THE PARTIES' SCHEDULING RECOMMENDATIONS

**Topic 3**    *The anticipated date(s) for release of documents responsive to Plaintiff's FOIA requests*:

**Plaintiff's Position**: As of the date of this filing, Plaintiff's FOIA Requests have been pending for eight months (to DOJ) and five-and-a-half months (to DHS) respectively with no meaningful production of responsive materials. This delay is inexplicable given the roadmap that Plaintiff provided to Defendants to identify potentially responsive documents prior to filing litigation and the discrete and targeted nature of the requests..

Given the length of time that the Requests have been pending, the roadmap that Plaintiff provided, the volume of documents, and the statutory timeframes set forth in FOIA for responding to requests, the Court should enter a production schedule requiring prompt completion of production. The Defendants' conduct to date suggest that they failed to act reasonably to comply with their FOIA requirements prior to institution of litigation (indeed, DHS which had "administratively closed" the request, is now claiming it has 7 Gigabytes of potentially responsive materials), and have only undertaken the bare minimum steps to comply

with legal obligations since this lawsuit was filed. In the absence of a Court ordered schedule, Plaintiffs remain concerned that Defendants will engage in further dilatory tactics to delay release of materials that may prove embarrassing to the White House. In particular, Plaintiffs request the following schedule:

1. Defendant DOJ shall complete its production of responsive documents by April 30. Collectively, DOJ has completed its searches and indicated that it has approximately 900 pages of potentially responsive materials. Given the length of time the requests have been pending, DOJ's failure to start whatever "standard FOIA processing procedures" and interagency reviews defies common sense and is inexplicable.

2. Defendant DHS shall complete the loading of materials into the FOIA processing system and provide a further report to the Court and Plaintiffs on volume of responsive materials along with a proposed production schedule by April 30. Once Defendants' counsel has provided the report, Plaintiff will submit a response within seven days, and then the Court should order an appropriate production schedule setting a final deadline for completion. Any production should be on a rolling basis until completion.

**Defendants' Position**:

A court-ordered schedule on the timeline proposed by Plaintiff is unnecessary and inappropriate. Defendants are proceeding pursuant to their standard FOIA processing procedures and timelines. The accelerated timeframe sought by Plaintiff would mean removing FOIA processors, analysts, or reviewers from other responsibilities (including Supreme Court matters in OSG) and from work on other requests—including requests from requesters who have not litigated and who submitted their requests prior to Plaintiff—thereby resulting in a less equitable distribution of the agencies' finite processing resources relative to all requesters. *See, e.g.*, *Daily*

*Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 15 (D.D.C. 2015) (expressing concern where "the plaintiff's effort to accelerate review of its requests necessarily will displace in processing priority those of third parties who submitted equally urgent requests *before* the plaintiff").

Furthermore, it is not realistic for DOJ to complete processing and production of potentially responsive records by April 30. The FOIA review process is substantially different from document review for civil discovery, and the review rates for FOIA processing are not comparable to those achievable in civil discovery. Significantly, "the stakes of disclosure are different in the two regimes justifying and arguably necessitating separate reviews with distinct considerations in mind during each." *See Stonehill v. IRS*, 558 F.3d 534, 539 (D.C. Cir. 2009). Because the agency must make records available to the public as a whole and because "there is no opportunity to obtain a protective order . . . the stakes of disclosure for the agency are greater in the FOIA context." *Id.* at 539-40. Thus, review and processing of a record in consideration of the FOIA's nine statutory exemptions (including intra or interagency consultation, as necessary) is substantially more involved, and therefore, substantially more time-consuming, than simply reviewing a document for relevance and a few applicable privileges. *See, e.g.*, 28 C.F.R. § 16.4(d) (discussing FOIA consultation, referral, and coordination processes).

1. Based on its present assessment of the volume and type of material at issue and its current workload capabilities, DHS anticipates that it will be able to complete loading of materials into the FOIA processing system by April 30, 2018. DHS anticipates that it will provide its first interim response to Plaintiff's request on or before May 25, 2018. It anticipates providing subsequent responses every 30 days thereafter, if necessary, depending on the number of responsive pages.

2. DOJ-OIP anticipates that it will provide its final response to Plaintiff's FOIA request by June 15, 2018, and will produce the non-exempt portions of any responsive documents, if any, by that date.

3. DOJ-OSG anticipates that it will provide its final response to Plaintiff's FOIA request by June 30, 2018, and will produce the non-exempt portions of any responsive documents, if any, by that date.

**Topic 5:** *Whether a Vaughn index will be required in this case*:

**Plaintiff's Position**: To the extent that any responsive documents are withheld, the Court should enter an order requiring:

1. DOJ shall produce a *Vaughn* index when it completes its productions, i.e., April 30, 2018.

2. DHS shall produce a *Vaughn* index on a date certain when the DHS production will be substantially complete. Once the Parties have submitted scheduling proposals, the Court should order a deadline requiring production of the DHS *Vaughn* index on the deadline for DHS to complete its production.

3. In addition to providing a *Vaughn* index, Plaintiff also believes it is appropriate for each Defendant to provide a certification that all documents responsive to the Requests have been produced or identified on the *Vaughn* index.

**Defendants' Position**: Once production is completed, the parties will confer and determine whether there are outstanding issues that need to be resolved by the Court and, if so, they will discuss a proposed schedule for briefing and submission of a *Vaughn* index if appropriate.

The law in FOIA cases does not require the government to provide a declaration or *Vaughn* index in advance of its summary judgment motion. *See, e.g.*, *Schwarz v. Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000) ("The requirement for detailed declarations and *Vaughn* indices is imposed in connection with a motion for summary judgment filed by a defendant in a civil action pending in court.") (footnote omitted); *see also Ioane v. C.I.R.*, No. 3:09-CV-00243-RCJRAM, 2010 WL 2600689, at *6 (D. Nev. Mar. 11, 2010) ("Generally, agencies should be given the opportunity to file dispositive motions and produce affidavits regarding claimed exemptions before they are ordered to produce *Vaughn* indices.") (citations omitted). Indeed, standard practice in FOIA litigation is for an agency defendant to file a dispositive motion along with any other supporting material, such as supporting affidavits and a *Vaughn* index. *See, e.g., Stimac v. Dep't of Justice*, 620 F. Supp. 212, 213 (D.D.C. 1985) (denying motion to compel preparation of a *Vaughn* index because "[t]he filing of a dispositive motion, along with detailed affidavits, may obviate the need for indexing the withheld documents").

**Topic 7:** *A proposed briefing schedule for dispositive motions, if applicable*:

**Plaintiff's Position**

1. With regard to the DOJ productions, to the extent Defendants intend to move for summary judgment, such a motion should be filed by May 15, 2018, with any cross-motion for summary judgment and opposition due by June 13, 2018, any reply brief or opposition to cross-motion due June 29, and any reply in support of the cross-motion due July 13.

2. With regard to the DHS productions, the Court should set a briefing schedule requiring Defendants (to the extent they intend to move for summary judgment) to file such a

motion within two weeks of the set date for substantial completion of production and the *Vaughn* index, oppositions/cross-motions due 30 days later, and reply briefs due 15 days later.

**Defendants' Position**: The briefing schedule proposed by plaintiff is unduly accelerated, for the reasons stated supra.*supra*. Defendants believe it is premature to set a briefing schedule at present, before plaintiffs have had a chance to receive and review any of the FOIA responses. The parties do not know the number of pages to be processed, the extent of the redactions and the number of pages to be withheld (if any), the content of the material that will be released (if any), or the nature of the exemptions to be claimed (if any). Without such information, it is impossible to assess the nature and scope of briefing that will be required, or even whether any issues will be in dispute. Defendants therefore propose that once production is completed, the parties will confer and determine whether there are outstanding issues that need to be resolved by the Court and, if so, they will then discuss a proposed schedule for briefing and submission of a *Vaughn* index if appropriate. At present, Defendants cannot estimate when production will be completed. Accordingly, they propose filing a further joint status report by June 29, 2018, indicating whether production has been completed as to any agency and, if so, whether further proceedings in court will be necessary and a proposed schedule for such proceedings. If production has not been completed as to any agency, the status report will set forth the schedule for further production.

DATED:  April 13, 2018                    Respectfully Submitted,

/s/  John A. Freedman

| | |
|---|---|
| Kristen Clarke (D.C. Bar # 973885) | John A. Freedman (D.C. Bar No. # 453075) |
| Jon Greenbaum (D.C. Bar # 489887) | Robert N. Weiner (D.C. Bar # 298133) |
| Ezra D. Rosenberg (D.C. Bar # 360927) | Eric A. Rubel (D.C. Bar # 405421) |
| Marcia Johnson-Blanco (D.C. Bar # 495211) | David J. Weiner (D.C. Bar # 499806) |
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW | R. Stanton Jones (D.C. Bar # 987088) |
| | Daniel F. Jacobson (D.C. Bar # 1016621) |
| 1401 New York Ave., NW | ARNOLD & PORTER KAYE SCHOLER LLP |
| Washington, DC  20005 | 601 Massachusetts Ave., NW |
| Telephone:  +1 202.662.8600 | Washington, DC  20001 |
| Facsimile:  +1 202.783.0857 | Telephone:  +1 202.942.5000 |
| erosenberg@lawyerscommittee.org | Facsimile:  +1 202.942.5999 |
| | John.Freedman@apks.com |

Kathryn W. Hutchinson
ARNOLD & PORTER KAYE SCHOLER LLP
44th Floor
777 South Figueroa Street
Los Angeles, CA  90017-5844
Telephone:  +1 213.243.4000
Facsimile:  +1 213.243.4199

Counsel for Plaintiff Lawyers' Committee for Civil Rights Under Law

- 12 -

        CHAD A. READLER
        Acting Assistant Attorney General
        Civil Division

        ELIZABETH J. SHAPIRO
        Deputy Branch Director

        /s/ Joseph E. Borson
        CAROL FEDERIGHI
        Senior Trial Counsel
        KRISTINA A. WOLFE
        JOSEPH E. BORSON
        Trial Attorneys
        United States Department of Justice
        Civil Division, Federal Programs Branch
        P.O. Box 883
        Washington, DC 20044
        Phone: (202) 514-1944
        Email: joseph.borson@usdoj.gov

        Counsel for Defendants