IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW,<br><br>                Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>                Defendants. | No. 1:18-CV-167-EGS |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to LCvR 7(h), defendants, the United States Department of Justice ("DOJ") and the United States Department of Homeland Security ("DHS") submit this Statement of Material Facts as to Which There is No Genuine Dispute.

1. On October 24, 2017, plaintiff, the Lawyers' Committee for Civil Rights Under Law, submitted by letter a Freedom of Information Act ("FOIA") request to DHS for the following:

    A. all records containing, reflecting, documenting, summarizing, or otherwise relating to certain communications identified on a *Vaughn*-type index submitted in *Lawyers' Committee for Civil Rights Under Law v. Presidential Advisory Commission on Election Integrity, et al.*, No. 17-cv-01354 (CKK) (D.D.C. 2017);

    B. any other records containing, reflecting, documenting, summarizing, or otherwise relating to communications since January 20, 2017, between any DHS employee and any of the following individuals or email addresses:

        a. Kris Kobach, kkobach@gmail.com, kris@kriskobach.com,

        b. Connie Lawson, connie@lawsonandco.com,

        c. Bill Gardner, chipkate@aol.com,

    d.  Matthew Dunlap, mattdunlap47@gmail.com,

    e.  J. Kenneth Blackwell, kennethBlackwell693@gmail.com,

    f.  Hans von Spakovsky, Hans.VonSpakovsky@heritage.org,

    g.  Christy McCormick, cacm@aol.com,

    h.  David Dunn, david@capitolpartnersar.com,

    i.  Mark Rhodes, mrhodes@woodcountywv.com,

    j.  Alan King, aking2322@gmail.com,

    k.  J. Christian Adams, adams@electionlawcenter.com,

    l.  Andrew Kossack,

    m.  Mark Paoletta,

    n.  Matthew Morgan,

    o.  Ronald Williams,

    p.  Deniz Baykin,

    q.  Any other Commission staff members;

C. any other records, including but not limited to internal communications, communications with other federal agencies, and communications with third parties, that reference the individuals in Request (2) or the Commission itself by name.

Compl. ¶¶ 48-49; *id.*, Ex. J.

2.    DHS acknowledged plaintiff's FOIA request by letter dated November 6, 2017, and informed plaintiff that the agency had determined the request did not identify the records it was seeking with specificity. *See* Compl., Ex. K. In particular, DHS stated that plaintiff had failed to identify the DHS email accounts it wanted to be searched. *Id.* DHS requested that plaintiff resubmit its request within 30 days or the agency would administratively close the request. *Id.* Having not received a revised request, DHS informed plaintiff by letter dated December 26, 2017, that the agency was administratively closing the request. *Id.*, Ex. L.

3. Plaintiff subsequently filed this lawsuit on January 26, 2018, *see* Compl., and DHS, thereafter, started processing the request.

4. On March 30, 2018, DHS conducted a search for records responsive to the request using a date range of January 20, 2017, through March 30, 2018. *See* Declaration of James V.M.L. Holzer, Deputy Chief Freedom of Information Act Officer, DHS Privacy Office ("Holzer Decl.") ¶ 8.

5. As of result of DHS's searches, including its review of DHS records released pursuant to other FOIA requests related to the Presidential Advisory Commission on Election Integrity, DHS identified a total of 632 pages of responsive records to plaintiff's request. The agency released 230 of pages in full, 280 of pages in part, withheld 34 pages in full, and referred 88 pages to other agencies for direct response to plaintiff. *Id.* ¶ 10.

6. On August 10, 2017, plaintiff submitted a Freedom of Information Act request to DOJ's Office of the Solicitor General ("DOJ-OSG") and Office of Information Policy ("DOJ-OIP") for the following:

> A. All records containing, reflecting, documenting, summarizing, or otherwise relating to communications (including emails, telephone call logs, calendar entries, meeting agendas, or any other records reflecting communications) since January 20, 2017 between any DOJ employee and any of the following individuals:
>
>> a. Kris Kobach,
>>
>> b. J. Kenneth Blackwell,
>>
>> c. Hans von Spakovsky,
>>
>> d. J. Christian Adams,
>>
>> e. Andrew Kossack,
>>
>> f. H. Christopher Coates,
>>
>> g. Robert Popper,

      h. Any employees or agents of the Public Interest Law Foundation (including anyone with an email address ending in @publicinterestlegal.org),

      i. Any employees or agents of the American Civil Rights Union (including anyone with an email address ending @thearcu.org),

      j. Any employees or agents of Judicial Watch (including anyone with an email address ending in @judicial watch.org);

   B. All records containing, reflecting, documenting, summarizing, or otherwise relating to communications (including emails, telephone call logs, calendar entries, meeting agendas, or any other records reflecting communications) since January 20, 2017 between DOJ employee and any employee of the Ohio Attorney General's Office (including anyone with an email address ending in @OhioAttorneyGeneral.gov) as it pertains to *Husted v. A. Phillip Randolph Institute*.

Compl. ¶ 28; *id.*, Ex. C.

    7. DOJ-OSG conducted a search of its electronic records and systems, including OSG's Automated Docket System ("ADS"). Declaration of Valerie Hall Yancey ("Yancey Decl.") ¶ 7. DOJ-OSG also directed the Justice Management Division, Office of the Chief Information Officer ("JMD/OCIO") to conduct a search for email correspondence and electronic documents. *Id.* JMD/OCIO searched the email accounts of attorneys OSG judged likely to have responsive correspondence including senior attorneys and attorneys who worked on the *Husted* matter. Through these searches, DOJ-OSG identified approximately 411 pages of potentially responsive documents. *Id.* Of these documents, DOJ-OSG determined that approximately 364 pages could be released either in full or in part. *Id.* The remaining 47 pages were withheld in full. *Id*.

    8. Thereafter, JMD/OCIO discovered that a technical issue concerning the data on which some of DOJ-OSG's searches were run may have impacted the searches for records responsive to plaintiff's FOIA request. *Id.* ¶ 8. JMD/OCIO subsequently re-ran the searches for

records responsive to plaintiff's FOIA request. *Id.* As a result of the supplement searches, DOJ-OSG identified approximately 478 additional pages of documents responsive to plaintiff's FOIA request. *Id.* Of these documents, DOJ-OSG determined that approximately 461 pages could be released either in full or in part. *Id.* The remaining 17 pages were withheld in full. *Id.*

9. DOJ-OIP, upon reviewing plaintiff's request, determined that responsive records, if any existed, were likely located in the Office of Attorney General ("OAG") and the Office of the Deputy Attorney General ("ODAG"). Declaration of Vanessa R. Brinkmann ("Brinkmann Decl.") ¶ 15. On August 15, 2017, DOJ-OIP initiated a search of the email and computer files of a total of 33 records custodians using a date range of January 20, 2017, through August 15, 2017. *Id.* ¶ 16. After learning of the technical issue affecting the data against which these searches were run, DOJ-OIP worked closely with its electronic search support team in JMD/OCIO to re-run the searches. *Id.* ¶ 18.

10. After manually reviewing the results of these searches, DOJ-OIP determined that 108 pages of records were responsive to plaintiff's request. *Id.* ¶ 20.

Dated: December 13, 2018                    Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            ELIZABETH J. SHAPIRO
                                            Deputy Branch Director

                                            /s/ *Kristina A. Wolfe*

                                            CAROL FEDERIGHI
                                            Senior Trial Counsel
                                            KRISTINA A. WOLFE
                                            JOSEPH E. BORSON
                                            Trial Attorneys
                                            U.S. Department of Justice

- 6 -

        Civil Division, Federal Programs Branch
        P.O. Box 883, Ben Franklin Station
        Washington, DC 20044
        Tel: (202) 353-4519
        Email: kristina.wolfe@usdoj.gov
        *Counsel for Defendants*